COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


EDWARD JOSEPH CRONIN

                                        MEMORANDUM OPINION*
v.    Record No. 0444-98-3                  PER CURIAM
                                         OCTOBER 27, 1998
STACEY A. CRONIN


            FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                      Ray W. Grubbs, Judge

          (John B. Mann; Levit & Mann, on briefs), for
          appellant.

          (Marcus H. Long, Jr.; Long, Long & Kellerman,
          on brief), for appellee.



     Edward Joseph Cronin (husband) seeks to set aside the final

decree entered March 11, 1997, granting Stacey A. Cronin (wife) a

divorce and awarding her spousal support and attorney's fees.

Husband contends that the divorce decree is void because it was

not entered pursuant to the notice requirements of Rule 1:13 of

the Rules of the Supreme Court of Virginia.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

                     Procedural Background

     Wife commenced this action by filing a bill of complaint on

July 19, 1995.  John Dixon, an attorney, appeared with husband at

his deposition on November 14, 1995, and filed an answer on

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

behalf of husband on November 27, 1995. Subsequently, both wife's counsel, Marcus Long, and the court served husband by directing all notices to Dixon at the address listed in the court files. Neither Dixon nor husband responded to these notices. On September 16, 1996, Long noticed a hearing on October 3, 1996 on the issue of spousal support. On November 27, 1996, a new attorney, Raphael Hartley, sent a request for production of documents to Long, with a copy to the court. Hartley sent interrogatories to wife on December 16, 1996, a copy of which was also filed with the court. Husband did not move to substitute counsel.

On February 5, 1997, the trial court issued an opinion letter indicating that it found the evidence sufficient to grant wife a divorce on the ground of husband's desertion and to award wife spousal support and attorney's fees. The opinion letter was mailed to Long and Dixon. Pursuant to the court's instructions in its opinion letter, on February 17, 1997, Long sent a draft of the final decree to the court, with a copy to Dixon. Long noted that he had received little or no communication from Dixon. The court entered the final decree on March 11, 1997, and mailed a copy to Dixon. On March 12, 1997, Hartley filed a motion seeking to compel the production of documents, to which Long responded on March 17, 1997, indicating that he had not received any previous correspondence and that the final decree was entered on March 11, 1997. On April 14, 1997, more than twenty-one days after entry

of the final decree, Hartley filed a motion seeking review, accompanied by a copy of an order for substitution of counsel which Hartley indicated he had sent to Long earlier.

Subsequently, husband obtained new counsel, John Mann, who filed a Motion to Vacate the Final Decree. Mann argued that the final decree did not comply with Rule 1:13. The trial judge denied husband's motion to vacate.

### Rule 1:13

Rule 1:13 of the Rules of the Supreme Court of Virginia provides:

> Drafts of orders and decrees shall be endorsed by counsel of record, or reasonable notice of the time and place of presenting such drafts together with copies thereof shall be served by delivering or mailing to all counsel of record who have not endorsed them. Compliance with this rule and with Rule 1:12 may be modified or dispensed with by the court in its discretion.

"[T]he mere fact that an order may have been entered without endorsement of counsel of record does not automatically render it void. The last sentence of Rule 1:13 authorizes the trial court in its discretion to modify or dispense with the requirement of endorsement of counsel." Davis v. Mullins, 251 Va. 141, 147, 466 S.E.2d 90, 93 (1996). Although husband's counsel of record did not endorse the draft decree, Long attempted to obtain counsel's endorsement. Long sent the final decree to Dixon on February 17, 1997, pursuant to the trial court's instructions in its February 5, 1997 opinion letter. The trial court did not enter the decree

until March 11, 1997, twenty-one days later. Both the court and Long continually served notice upon Dixon at the address given in the court files. The onus fell on husband and Dixon to ensure that the court was notified of any changes in counsel's address and to file a timely motion seeking to substitute counsel.

Moreover, Rule 1:13 grants the trial court discretion to modify or dispense with compliance with its provisions. Here, as set out in the trial court's January 30, 1998 opinion letter denying husband's motion to vacate the decree, the court "further dispensed with Mr. Dixon's signature as the Court's correspondence to him was returned by the U. S. Postal Service, as set forth above." Therefore, credible evidence demonstrates that the trial court dispensed with compliance with Rule 1:13. Under the circumstances of this case, we find no abuse of discretion in the trial court's decision.

Finally, even when Hartley became aware that a final decree had been entered on March 11, 1997, he took no action to set aside the final decree until April 14, 1997. For the reasons set out above, the final decree was not void. Under Rule 1:1, the divorce decree became final twenty-one days after entry, and the trial court lacked jurisdiction thereafter to set aside or vacate the decree. See Davis, 251 Va. at 148-49, 466 S.E.2d at 94.

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.